UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JULISSA P. FREYRE,

        Plaintiff,

vs.                                     CASE NO.:

WALGREEN CO. dba STORE # 21144,
Foreign Profit Corporation,

        Defendant.
_____/

## DEFENDANT, WALGREEN CO.'S, NOTICE OF REMOVAL

To:    The Judges of the United States District Court
        for the Middle District of Florida
        Orlando Division
        U.S. Courthouse
        401 West Central Boulevard
        Suite 1200
        Orlando, Florida 32801-0120

Pursuant to the provisions of 28 U.S.C.A. §§ 1332, 1441 and 1446, Defendant, WALGREEN CO., hereby removes to this Court the action filed against it in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, and as grounds for the removal of this action to the United States District Court for the Middle District of Florida, Orlando Division, this Defendant states as follows:

1. There is presently pending in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, the following styled action: JULISSA P. FREYRE, Plaintiff, vs. WALGREEN CO. dba STORE # 21144, Foreign Profit Corporation, Defendant, bearing Case No.: 2022-CA-007510-O.

2. That on or about August 15, 2022, the Plaintiff, Julissa P. Freyre, filed a Complaint for Damages and Demand for Jury Trial in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, a copy of which is attached hereto as **Exhibit 1**. The Defendant, Walgreen Co.'s, Answer to Plaintiff's Complaint, and Demand for Jury Trial is attached hereto as **Exhibit 2**. The Orange County Clerk of Court's Docket for Case No. 2022-CA-007510-O is attached hereto as **Exhibit 3**. All Other State Court Documents are attached hereto as **Composite Exhibit 4**. The Civil Cover Sheet for this Court is attached hereto as **Exhibit 5**. Said documents are attached to this Notice as required by U.S.C. §1446(a).

3. The Complaint was served on Walgreen Co. on August 23, 2022. This Removal is being effected within thirty (30) days after service of the Complaint. See 28 U.S.C. §1446(b). Defendant has not waived its right to remove.

4. That this Notice of Removal is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C.A., Section 1332 and 28 U.S.C.A. Section 1441.

The matter is between citizens of different states and the amount in controversy, excluding interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000).

5. That at all times material hereto, the Plaintiff in the above-styled action is a citizen of the State of Florida residing at 2513 Rio Pinar Lakes Blvd., Orlando, Orange County, Florida. For purposes of diversity, the single Defendant has its citizenship in states other than the State of Florida. The Defendant, Walgreen Company, is incorporated in the State of Illinois. The Defendant's, Walgreen Company, principal place of business is 300 Wilmot Road, Deerfield, Illinois 60015. There is complete diversity of citizenship between the Defendant and the Plaintiff.

6. This case is properly removable under 28 U.S.C. §1441(a) since the Court has subject matter jurisdiction under Section 1332(a)(1). The Complaint was served on Walgreen Co. on August 23, 2022. The amount in controversy in the Complaint is not specified, other than claiming "This is an action for damages which exceeds thirty thousand dollars ($30,000.00) exclusive of interests, costs, and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court)."

The Plaintiff served the Defendant with a detailed **$275,000.00** Demand Letter dated March 21, 2022 (see **Exhibit 6**) which states as a result of the subject fall, the Plaintiff "suffered severe acute disc herniations at C4-5 and C6-7" and a "severe disc herniation at L4-5 with bilateral neural foraminal narrowing." The Plaintiff's Neurosurgeon, Dr. Jason Highsmith, indicates that the Plaintiff will need future cervical and lumbar surgery (see 3/21/2022 Demand Letter, and Florida Spine & Orthopedics Note dated 1/26/2022 attached as **Exhibit 7**). Additionally, the Plaintiff's Demand Letter indicates the Plaintiff's buttocks implant is ruptured and she will need plastic surgery to place a new implant on one side of the buttocks. The Plaintiff's Demand Letter states "A fair estimate for the three surgeries plus the injections is **$250,000.00**" (see **Exhibit 6**).

In addition to the above, the Plaintiff's chiropractor, Dr. Vincent Preziosi, states the Plaintiff will require future chiropractic/medical expenses in the range of $8,000 to $10,000 annually, not including surgeries. The Plaintiff's Demand Letter states "Thus, the cost of her future chiropractic and physical therapy care is approximately **$318,400.00**" (see 3/21/2022 Demand Letter, and Dr. Vincent Preziosi's 1/14/2022 letter attached as **Exhibit 8**).

4

Paragraph 8 of the Plaintiff's Complaint also asserts a claim that "As a direct and proximate result of the aforementioned negligence of the Defendant, **WALGREEN CO., dba STORE # 21144**, the Plaintiff, **JULISSA P. FREYRE**, slipped on liquid or another similar substance and sustained severe, grievous and permanent injuries, physical and mental pain and suffering, grief, anguish, inability to lead a normal life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition and further incurred hospital bills, medical bills, and other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, **JULISSA P. FREYRE**, will suffer the losses in the future."

Accordingly, the damages sought by Plaintiff are clearly in excess of the $75,000.00 jurisdictional requirement of this Court, and to the best of this Defendant's knowledge, the requisite jurisdictional amount, as provided by 28 U.S.C.A. Section 1441, et seq., and 28 U.S.C.A. 1332, has been met.

7. That venue properly rests with the Middle District of the United States District Court, Orlando Division because this action is being removed from the Circuit Court, Ninth Judicial Circuit, in and for Orange County, Florida.

8. This Defendant has filed with the Clerk of Circuit Court, Ninth Judicial Circuit, in and for Orange County, Florida, a true and correct copy of this Notice of Removal pursuant to 28 U.S.C.A. 1446(e). See **Exhibit 9** attached.

9. That the undersigned attorney is authorized by Defendant, Walgreen Co., to file this Notice of Removal.

10. That the undersigned attorney is licensed in the State of Florida and is authorized to practice in the United States District Court, Middle District of Florida.

WHEREFORE, Defendant, Walgreen Co., respectfully requests that this Court assume jurisdiction of this action pursuant to 28 U.S.C.A. §§1332 and 1441.

Dated this 16th day of September, 2022.

Respectfully submitted,

_____
**JAMES A. COLEMAN, ESQUIRE**
James A. Coleman, P.A.
Florida Bar No.: 0434711
612 East Colonial Drive, Suite 250
Orlando, Florida 32803
Telephone: (407) 219-5799
Facsimile: (407) 219-5788
Trial Counsel for Defendant,
Walgreen Co.

Emails:  jcoleman@rclawpa.com
         rcunningham@rclawpa.com
         dthompson@rclawpa.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 16, 2022, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send a notice of electronic filing to the following:  Beatriz Tavarez, Esquire, Tavarez Law, P.A., 230 E. Monument Ave, Suite A5, Kissimmee, FL 34741.

_/s/ James A. Coleman_

**JAMES A. COLEMAN, ESQUIRE**
James A. Coleman, P.A.
Florida Bar No.: 0434711
612 East Colonial Drive, Suite 250
Orlando, Florida 32803
Telephone:  (407) 219-5799
Facsimile:  (407) 219-5788
Trial Counsel for Defendant,
Walgreen Co.
Emails:  jcoleman@rclawpa.com
         rcunningham@rclawpa.com
         dthompson@rclawpa.com